UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

SFR SERVICES LLC A/A/O
KEITH AND PHYLLIS TUMULTY

     Plaintiffs

vs.

ELECTRIC INSURANCE COMPANY,

     Defendant.

_____/

## NOTICE OF REMOVAL

COMES NOW, Defendant, ELECTRIC INSURANCE COMPANY (hereinafter referred to as "Defendant"), pursuant to 28 USC §1441 and 1446 hereby gives Notice of Removal to this Court of the case *SFR Services LLC a/a/o Keith and Phyllis Tumulty vs. Electric Insurance Company*, filed in the Circuit Court for the Twelve Judicial Circuit in and for Sarasota County, Florida, Case No. 2019-CA-004048 and as grounds for removal Defendant states as follows:

## BACKGROUND

1.     An action was commenced by the filing of a Complaint in the Twelve Judicial Circuit in and for Sarasota County, Florida styled SFR Services LLC a/a/o Keith and Phyllis Tumulty*, Plaintiffs vs.* Electric Insurance Company, filed in the Circuit Court for the Twelve Judicial Circuit in and for Sarasota County, Florida, Case No. 2019-CA-004048 ("Complaint"). A copy of the Complaint is attached hereto as Exhibit "A."

2.     This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows: (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original

jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded. (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows: (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States . . . .

3.      There is complete diversity of citizenship between Plaintiff and Defendant

4.      In the Complaint, Plaintiff seeks compensatory damages, costs and pre-judgment interest and attorney's fees.  The amount in controversy in this action exceeds the $75,000 jurisdictional threshold notwithstanding Plaintiff's failure to specify damages in his Complaint. In the Eleventh Circuit, where the plaintiff makes an unspecified demand for damages in state court, the removing defendant need only show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds; *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

5.       Plaintiff also seeks to recover attorney's fees in the Complaint.   Applicable Florida Law authorizes an award of reasonable attorney's fees to an insured that prevails in a proper suit for coverage against the insurer.  See Florida Statute §627.428.

6.       Where, as here, attorney's fees are authorized by statute, they are included in determining the amount in controversy for purposes of Federal Diversity Jurisdiction.   See *Morrison v. Allstate Indemnity Company*, 228 F.3d 1255 (11th Cir. 2000); *Brown v. Cunningham*

7.       Defendant was served with a copy of the Complaint in August 2, 2019.

8.       The above described state court action is a civil action in which this Court has original jurisdiction pursuant to 28 USC §1332, and is one which may be removed to this Court by Defendant pursuant to 28 USC §1441 because it is a civil action in which the matter in controversy, exclusive of interests and costs, exceeds $75,000.00 and is between citizens of different states.

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

9.       Plaintiff resides in Sarasota County, Florida and is a citizen of the State of Florida.  See Complaint ¶1.  While not pled in the Complaint, attached hereto as Exhibit "B" is the Declaration of Lisa Pierce which incorporates the contract of insurance between the parties which should have been attached to Plaintiff's complaint and which clearly shows Plaintiff is a resident of Sarasota County, Florida. (See paragraph 2 of Plaintiff's Complaint)

10.       Defendant is a Massachusetts corporation with a principal place of business in Beverly, Massachusetts.   Therefore, Electric Insurance Company is a citizen of the State of Massachusetts.  See Declaration of Lisa Pierce attached hereto as Exhibit "B."

11.       Thus, there exists complete diversity of citizenship between the parties pursuant to 28 USC §1332(a)(1).

## AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

12.     The Complaint alleges that Plaintiff's claim is "in excess of $15,000.00 exclusive of costs, attorney's fees, and interest." See Complaint ¶1.   Plaintiff demands judgment for compensatory damages, interest and costs.

13.     While Plaintiff has not specifically pled damages in excess of $75,000.00, Plaintiffs have made demands for in excess of $75,000.00 (See Declaration of Lisa Pierce (Exhibit "B").  The Plaintiff seeks damages of $139,849.80, not including attorney's fees.

14.     Thus, based upon Plaintiffs' demands submitted to Defendant, their claims for policy benefits exceed $75,000.00, the minimum jurisdictional requirement of this Court.

15.     Accordingly, the damages at issue in this case, together with attorney's fees are in excess of $75,000.00.

## ELECTRIC HAS COMPLIED WITH THE PROCEDURAL REQUIREMENTS FOR REMOVAL

16.     Defendant attaches as Exhibit "C," all processes, pleadings, orders and other papers and exhibits filed in this action.  Pursuant to 28 USC §1446(a).  Venue properly rests in the Tampa Division of the United District Court for the Middle District of Florida pursuant to 28 USC §1441(a) and Local Rules since this action is being removed from the State Court wherein it was originally filed in the Circuit Court of the Twelve Judicial Circuit in and for Sarasota County, Florida.

17.     Defendant will file with the Clerk of the Court for the Twelve Judicial Circuit in and for Sarasota County, Florida a Notice of Filing of Removal pursuant to 28 USC §1446(d) and will give written notice thereof to all adverse parties.

18.     Pursuant to 28 USC §1446(b), this Notice of Removal has been timely filed and without waiver by Defendant.  Specifically, this Notice of Removal is timely filed by Defendant.

WHEREFORE, Defendant, ELECTRIC INSURANCE COMPANY, hereby serves Notice of Removal of this action to the United States District Court for the Southern District of Florida, Miami Division.

DATED this 14th day of August 2019.

*s/Jonathan B. Aronson*
Florida Bar No.  434116
Jonathan B. Aronson, Esq.
ARONSON LAW FIRM
95 Merrick Way
Suite 720
Miami, Florida  33134
Telephone:  (305) 662-1233
Facsimile: (305) 662-1266
Email:   jaronson@aronsonlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Jonathan B. Aronson*
Jonathan B. Aronson, Esq.
Florida Bar No.  434116
ARONSON LAW FIRM
95 Merrick Way
Suite 720
Miami, Florida 33134
Telephone:     (305) 662-1233
Facsimile:      (305) 662-1266
Email: jaronson@aronsonlawfirm.com

## SERVICE LIST

Joshua Whilser, Esq.
1909 Tyler Street
Suite 50
Hollywood FL  33020
(service@whilserlawfirm.com)

IN THE CIRCUIT COURT OF THE 12th JUDICIAL CIRCUIT, IN AND FOR
SARASOTA COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.:

SFR SERVICES LLC A/A/O
KEITH AND PHYLLIS TUMULTY,

      Plaintiff,

vs.

ELECTRIC INSURANCE COMPANY,

      Defendant.

_____/

## **COMPLAINT**

    Plaintiff, SFR SERVICES LLC A/A/O KEITH AND PHYLLIS TUMULTY, by and through the undersigned attorney, sues the Defendant, ELECTRIC INSURANCE COMPANY, and alleges as follows:

## **GENERAL ALLEGATIONS**

1. This is an action for damages greater than $15,000, exclusive of interest, costs, and attorney's fees, and is otherwise within the jurisdictional limits of this Court.

2. That at all times material hereto, Plaintiff was and is a corporation duly licensed to transact business in the State of Florida and maintained agents for the transaction of its customary business throughout the State of Florida including SARASOTA County, Florida.

3. At all times material hereto, ELECTRIC INSURANCE COMPANY was and is a corporation duly licensed to transact business in the State of Florida and does business, has offices, and/or maintains agents for the transaction of its customary business in SARASOTA County, Florida.

# EXHIBIT "A"

4.  At all material times hereto, the Assignor (the "Insured") owned the property insured by Defendant located at 1855 SILVER PALM ROAD, NORTH PORT, FL 34288 (the "Property").

5.  The policy of insurance written and issued by Defendant, ELECTRIC INSURANCE COMPANY, was issued to the insured in SARASOTA County, Florida.

6.  Jurisdiction and venue are proper in SARASOTA County, Florida.

7.  In consideration for the premiums paid to it, prior to September 10, 2017, Defendant issued an insurance policy, number 6173052H1, to the Insured for the Insured's property located at 1855 SILVER PALM ROAD, NORTH PORT, FL 34288 in SARASOTA County, Florida (the "Policy").  A true and correct copy of the Policy is not in the possession of Plaintiff, but is in the care, custody, and control of Defendant.  The Policy will be produced during discovery and will be filed by Plaintiff after receipt from the Defendant.

8.  The Policy issued by Defendant provided coverage for the dwelling and for reasonable repairs taken to mitigate or prevent further damage to the Property.

9.  At all times material hereto, including on September 10, 2017, the date of loss, the Policy was in full force and effect.

10. All conditions precedent to obtaining payment of said benefits under the policy have been complied with, met, or waived.

## <u>COUNT I – BREACH OF CONTRACT</u>

Plaintiff realleges and readopts paragraphs 1-10 as if fully stated herein, and further alleges as follows:

11. Plaintiff brings this action based upon an *after-loss* assignment of insurance proceeds for restoration and build-back services by the Insured ("Insured/Assignor") to the Plaintiff.  *See copy of the assignment attached hereto and incorporated herein as Exhibit "A."*

12. On or about September 10, 2017, the Assignor's property was damaged by a covered related hurricane loss (the "Loss").

13. Plaintiff and/or Insured/Assignor gave timely notice of the Loss and resulting damage to Defendant and/or its authorized agents, employees, or representatives.

14. Defendant responded to the Loss by assigning claim number 20190122013 (the "Claim").

15. Plaintiff provided necessary restoration and build-back services to the Insured/Assignor's Insured Property and, in exchange, Insured/Assignor agreed to assign his/her right to be paid for the services rendered by Plaintiff in accordance with Plaintiff's Invoices.  *See Exhibit "A."*

16. Plaintiff submitted to Defendant reasonably priced bills for the restoration and build-back services that Plaintiff conducted upon the Insured Property, but has not been paid by Defendant. *See copy of invoice attached hereto and incorporated herein as Exhibit "B."*

17. Defendant was afforded the opportunity to fully inspect the Loss, investigate the cause of the Loss, quantify the amount of the Loss, and evaluate Plaintiff's Assignment of Benefits and restoration and build-back invoice.

18. Defendant did inspect the Loss and Property during its investigation of the Insured's Loss and Plaintiff's Invoice.

19. Defendant refused to pay Plaintiff's Invoice.

20. Defendant breached the Policy by failing and/or refusing to pay Plaintiff's invoice.

21. Plaintiff has been damaged as a result of the Defendant's failure to pay Plaintiff's invoice and breach of the Policy.

22. As a direct and proximate result of Defendant's conduct, Plaintiff has been obligated to retain the undersigned attorney to bring this action, and is entitled to a reasonable attorney's fee pursuant to Section 627.428, and\or 626.9373, Florida Statutes.

23. In the alternative, should this Court find the written assignment of benefits between Plaintiff, and the named insured, to be invalid or unenforceable for any reason, it will be necessary for the Court to effectuate the parties' (Plaintiff and named insured) intent and find that Plaintiff has standing by means of an equitable assignment to demand that Defendant fully pay for Plaintiff's services.

24. Furthermore, Plaintiff's assignment is valid as no additional insurable interests denied the assignment and neither the Defendant denied the assignment.

**WHEREFORE**, Plaintiff sues Defendant for damages, together with interest, costs and attorney's fees pursuant to Fla. Stat. Section 627.428, and\or 626.9373, and further demands trial by jury of all issues triable as of right.

## <u>CERTIFICATE</u>

THIS COMPLAINT IS DATED and Signed this July 25, 2019 and was filed by:

> THE WHISLER LAW FIRM, P.A.
> <u>Attorney for Plaintiff</u>
> 1909 Tyler Street, Ste. 501
> Hollywood, Florida 33020
> Telephone:   (561) 708-0513
> E-Mail: service@whislerlawfirm.com
>
> By:   /s/ Joshua Whisler_____
>         JOSHUA WHISLER, ESQ.
>         FL Bar No. 98172

# Exhibit "A"

# SFR
## SERVICES

† Name: _Keith E. Tumulty_        × Insurance: _Electric Ins Co_

× Claim: _20190122013_        × Street: _1855 Silver Palm Road_

← City: _North Port_        ← ST: _FL_ ZIP: _34288_   Adjuster Info: _____

Mortgage: _N/A_        × Phone (home): _941-423-8005_ (cell): _____

I, the Owner/Policyholder for the job site listed above, authorize SFR Services LLC to enter my property, furnish materials, supply all equipment and perform all labor necessary to preserve and protect my property from further damage. I assign my insurance claim to SFR Services in consideration for SFR Services to complete the scope of work as agreed upon by SFR Services and my insurance company as documented in the final agreed upon insurance estimate.

**ASSIGNMENT OF INSURANCE BENEFITS:** Owner assigns all insurance rights, benefits, proceeds, claims, and causes of action under any applicable insurance policies (collectively, "Benefits") to SFR Services, including without limitation claims for bad faith, attorney's fees, and costs under sections 624.155, 626.6541, 627.428, 57.041, and 92.231, Florida Statutes, for services rendered or to be rendered by SFR Services. Owner intends for all Benefits related to or for services rendered by SFR Services, related to SFR Services' labor, materials, and related costs ("Services") to be assigned solely and exclusively to SFR Services. In this regard, Owner waives all   privacy rights. Owner makes this assignment in consideration for SFR Services' agreement to perform the Services, supply materials, and perform its obligations under this Agreement. Owner directs Owner's insurance carrier ("Carrier") to release all information requested by SFR Services, its representatives, and/or its attorney for the purpose of obtaining actual benefits to be paid by Carrier for services rendered or to be rendered.

**PAYMENT AUTHORIZATION:** I hereby authorize and unequivocally instruct payment of any claim payout, any related payout, and any benefits or proceeds for services rendered by SFR Services to be made payable jointly to SFR Services LLC and POLICYHOLDER with both parties on any form of payment sent to the Policyholder at their address.

**PAYMENT TERMS:** <u>Your only out of pocket obligation is your deductible for the insurance claim.</u> Owner agrees that any portion of additional work, deductible(s), betterment, or change orders requested by me, is ultimately Owner's responsibility. Payment terms to SFR Services are net-30 days after a check is received. If Owner refuses to cooperate with the Carrier, refuses to endorse and deliver to SFR Services any check from Carrier, or otherwise interferes with SFR Services providing Services or being paid as provided herein, late charges of 1.5% monthly are charged to the unpaid balance. SFR Services is entitled to reimbursement for reasonable collection costs or attorney's fees and costs for the breach, or enforcement, of any terms of this entire service agreement and SFR Services' administrative time spent enforcing this Agreement.

**COOPERATION:** Owner acknowledges and understands that Owner has no right of rescission under this Agreement. If Owner attempts to rescind, terminate, cancel, or breach (collectively, "Cancellation") this Agreement after Carrier has approved payment, and SFR Services agrees in its sole and absolute discretion to consent to such Cancellation, Owner will pay SFR Services 20% of the total amount approved by Carrier, including without limitation any supplemental claims, as liquidated damages. If Owner attempts Cancellation prior to Carrier approving payment, Owner will pay Company 20% of SFR Services' estimate.

**MISC:** If Owner does not allow SFR Services to perform its recommended procedures, Owner hereby releases, holds SFR Services harmless, and indemnifies SFR Services against all claims or actions that may result from such same.  If any provision is held invalid or unenforceable by a court of competent jurisdiction, SFR Services and Owner agree that the remaining provisions will remain in full force and effect. SFR Services and Owner waive the right to claim that they were induced to enter into this Agreement by anything not expressly set forth herein.

Agreed: Homeowner & SFR Services LLC (CGC# 050863) **Must be signed by all Policyholders and/or Mortgagees**

× Accepted by: _Keith E Tumulty_ ← Printed Name: _Keith E. Tumulty_        ← Date: _1-22-2019_

← Accepted by: _Phyllis Tumulty_ ← Printed Name: _Phyllis Tumulty_        × Date: _1-22-2019_

Questions and concerns can be directed to your SFR representative: _Matt O'Keefe_   At Extension: _216_

2336 SE Ocean Blvd #279, Stuart FL 34966   •   PHONE: 239-312-3127   •   FAX: 1-866-325-1945

# Exhibit "B"



## SFR Services LLC

2336 SE Ocean Blvd #278
Stuart, FL 34996
Office: (239)312-3127; x709
Fax: (866)325-1945
Office@SFRFlorida.com
www.SFRFlorida.com
FL GC Lic # CGC050863

|  |  |
|---|---|
| Insured: | Keith Tumulty |
| Property: | 1855 Silver Palm Road |
|  | North Port, FL 34288 |
| Home: | 1855 Silver Palm Road |
|  | North Port, FL 34288 |

| Claim Rep.: | Wes Woolf | Business: | (239) 312-3127 x 718 |
|---|---|---|---|
| Position: | Estimator | E-mail: | wes@sfrflorida.com |
| Company: | SFR Services LLC |  |  |
| Business: | 2336 SE Ocean Blvd #278 |  |  |
|  | Stuart 34996 |  |  |

| Estimator: | Wes Woolf | Business: | (239) 312-3127 x 718 |
|---|---|---|---|
| Position: | Estimator | E-mail: | wes@sfrflorida.com |
| Company: | SFR Services LLC |  |  |
| Business: | 2336 SE Ocean Blvd #278 |  |  |
|  | Stuart 34996 |  |  |

**Claim Number:** 20190122013       **Policy Number:**       **Type of Loss:** Hurricane

| Date of Loss: | 1/11/2019 12:00 AM | Date Received: | 1/11/2019 8:53 AM |
|---|---|---|---|
| Date Inspected: |  | Date Entered: | 1/11/2019 9:55 AM |

| Price List: | FLSR8X_JAN19 |
|---|---|
|  | Restoration/Service/Remodel |
| Estimate: | 326539_EV39 |

**Please Note:**

   All information herein regarding damages/repairs estimated for your property is exclusive property of SFR Services LLC and it's representatives/agents. This estimate is CONFIDENTIAL and provided under full disclosure only with the expressed or written consent of a representative of SFR Services LLC. Everything contained herein is subject to management/insurance approval. We greatly appreciate your business and look forward to serving your roofing and construction needs.



**SFR Services LLC**

2336 SE Ocean Blvd #278
Stuart, FL 34996
Office: (239)312-3127; x709
Fax: (866)325-1945
Office@SFRFlorida.com
www.SFRFlorida.com
FL GC Lic # CGC050863

**326539_EV39**

**Source - Eagle View**

**Exterior**



**Dwelling Roof**

| | | | |
|---|---|---|---|
| 4350.70 | Surface Area | 43.51 | Number of Squares |
| 375.25 | Total Perimeter Length | 85.02 | Total Ridge Length |
| 233.13 | Total Hip Length | | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 1. Remove Tile roofing - Concrete - "S" or flat tile | 43.51 SQ | 493.90 | 0.00 | 4,297.92 | 25,787.51 | (0.00) | 25,787.51 |
| 2. Remove Modified bitumen roof - self-adhering | 43.51 SQ | 146.25 | 0.00 | 1,272.66 | 7,636.00 | (0.00) | 7,636.00 |
| 3. Modified bitumen roof - self-adhering | 43.51 SQ | 479.66 | 439.49 | 4,261.90 | 25,571.40 | (0.00) | 25,571.40 |
| 4. Water barrier joint taping - Mod. bitumen - 4" seam tape | 4,350.70 SF | 0.31 | 21.32 | 274.00 | 1,644.04 | (0.00) | 1,644.04 |
| 5. Re-nailing of roof sheathing - complete re-nail | 4,350.70 SF | 0.27 | 6.09 | 236.16 | 1,416.94 | (0.00) | 1,416.94 |
| 6. Tile Loading Per SQ* | 50.03 SQ | 120.00 | 0.00 | 1,200.72 | 7,204.32 | (0.00) | 7,204.32 |
| For loading new roofing tile onto dwelling roof. | | | | | | | |
| 7. Tile roofing - Concrete - "S" or flat tile | 50.03 SQ | 598.26 | 551.27 | 6,096.46 | 36,578.68 | (0.00) | 36,578.68 |
| 8. Hip & ridge nailer board for tile roofing - channel metal | 433.39 LF | 3.10 | 48.54 | 278.40 | 1,670.45 | (0.00) | 1,670.45 |
| 9. R&R Ridge / Hip / Rake cap - tile roofing | 482.96 LF | 16.51 | 234.62 | 1,641.64 | 9,849.93 | (0.00) | 9,849.93 |
| 10. Roofer - per hour | 48.30 HR | 151.22 | 0.00 | 1,460.78 | 8,764.71 | (0.00) | 8,764.71 |
| The hip, ridge and rake cap will need to be mortared in to finish the roofing project. This is not included in the line item for "**Ridge / Hip / Rake cap - tile roofing**". | | | | | | | |
| One hour per 10LF (both sides of 10LF of hip/ridge) | | | | | | | |
| 11. R&R Drip edge | 375.25 LF | 2.78 | 17.60 | 212.16 | 1,272.96 | (0.00) | 1,272.96 |
| 12. Bird stop - Eave closure strip for tile roofing - metal | 325.69 LF | 3.76 | 35.79 | 252.08 | 1,512.46 | (0.00) | 1,512.46 |
| 13. R&R Valley metal | 115.25 LF | 6.15 | 12.91 | 144.34 | 866.04 | (0.00) | 866.04 |
| 14. Step flashing | 28.00 LF | 10.59 | 2.16 | 59.74 | 358.42 | (0.00) | 358.42 |
| 15. R&R Flashing - pipe jack - lead | 5.00 EA | 74.67 | 11.20 | 76.92 | 461.47 | (0.00) | 461.47 |
| 16. R&R Exhaust cap - through roof - 6" to 8" | 7.00 EA | 94.39 | 15.81 | 135.30 | 811.84 | (0.00) | 811.84 |
| 17. R&R Roof vent - off ridge type - 6' | 2.00 EA | 222.06 | 9.47 | 90.74 | 544.33 | (0.00) | 544.33 |
| 18. Prime & paint roof vent | 14.00 EA | 30.20 | 6.94 | 85.94 | 515.68 | (0.00) | 515.68 |
| 19. R&R Gutter / downspout - aluminum - 6" | 325.69 LF | 7.63 | 110.12 | 519.02 | 3,114.16 | (0.00) | 3,114.16 |



**SFR Services LLC**

2336 SE Ocean Blvd #278
Stuart, FL 34996
Office: (239)312-3127; x709
Fax: (866)325-1945
Office@SFRFlorida.com
www.SFRFlorida.com
FL GC Lic # CGC050863

### CONTINUED - Dwelling Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 20. Material Only Sheathing - plywood - 1/2" CDX | 400.00 SF | 0.93 | 26.04 | 79.60 | 477.64 | (0.00) | 477.64 |
| plywood to be set over driveway to protect from damage from dumpsters and equipment used during roofing construction | | | | | | | |
| 21. Install Vapor barrier - visqueen - 6mil | 800.00 SF | 0.23 | 0.00 | 36.80 | 220.80 | (0.00) | 220.80 |
| Vapor barrier to cover plywood that is set over driveway to protect from damage from dumpsters and equipment used during roofing construction | | | | | | | |
| 22. Roofer - per hour | 4.00 HR | 140.01 | 0.00 | 112.00 | 672.04 | (0.00) | 672.04 |
| Labor to set plywood over visqueen on driveway to protect the surface from damage. Plywood to be screwed together to prevent plywood from sliding during deliveries and pick ups for dumpsters and materials. 1 Labor Hour per 100 Sq Ft. | | | | | | | |
| 23. Install Tarp - all-purpose poly - per sq ft (labor and material) | 3,002.00 SF | 0.74 | 0.00 | 444.30 | 2,665.78 | (0.00) | 2,665.78 |
| Tarps installed around the perimeter of the home to organize roofing debris, minimize clean up labor and to protect the landscaping around the home. | | | | | | | |
| 24. Taxes, insurance, permits & fees (Bid Item) | 1.00 EA | 0.00 | 0.00 | 0.00 | 0.00 | (0.00) | 0.00 |
| *Paid when incurred* | | | | | | | |
| **Totals: Dwelling Roof** | | | 1,549.37 | 23,269.58 | 139,617.60 | 0.00 | 139,617.60 |
| **Total: Exterior** | | | 1,549.37 | 23,269.58 | 139,617.60 | 0.00 | 139,617.60 |
| **Total: Source - Eagle View** | | | 1,549.37 | 23,269.58 | 139,617.60 | 0.00 | 139,617.60 |

### Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 25. Framing labor minimum* | 1.00 EA | 177.26 | 0.00 | 35.46 | 212.72 | (0.00) | 212.72 |
| 26. Wood floor covering labor minimum* | 1.00 EA | 16.24 | 0.00 | 3.24 | 19.48 | (0.00) | 19.48 |
| **Totals: Labor Minimums Applied** | | | 0.00 | 38.70 | 232.20 | 0.00 | 232.20 |
| **Line Item Totals: 326539_EV39** | | | 1,549.37 | 23,308.28 | 139,849.80 | 0.00 | 139,849.80 |



**SFR Services LLC**

2336 SE Ocean Blvd #278
Stuart, FL 34996
Office: (239)312-3127; x709
Fax: (866)325-1945
Office@SFRFlorida.com
www.SFRFlorida.com
FL GC Lic # CGC050863

## Grand Total Areas:

| | | | | | |
|---:|---|---:|---|---:|---|
| 0.00 | SF Walls | 0.00 | SF Ceiling | 0.00 | SF Walls and Ceiling |
| 0.00 | SF Floor | 0.00 | SY Flooring | 0.00 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 0.00 | LF Ceil. Perimeter |
| | | | | | |
| 0.00 | Floor Area | 0.00 | Total Area | 0.00 | Interior Wall Area |
| 852.02 | Exterior Wall Area | 0.00 | Exterior Perimeter of Walls | | |
| | | | | | |
| 4,350.70 | Surface Area | 43.51 | Number of Squares | 375.25 | Total Perimeter Length |
| 85.02 | Total Ridge Length | 233.13 | Total Hip Length | | |



**SFR Services LLC**

2336 SE Ocean Blvd #278
Stuart, FL 34996
Office: (239)312-3127; x709
Fax: (866)325-1945
Office@SFRFlorida.com
www.SFRFlorida.com
FL GC Lic # CGC050863

## Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 114,992.15 |
| Material Sales Tax | 1,549.37 |
| Subtotal | 116,541.52 |
| Overhead | 11,654.14 |
| Profit | 11,654.14 |
| **Replacement Cost Value** | **$139,849.80** |
| **Net Claim** | **$139,849.80** |

_____

Wes Woolf
Estimator

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

## I.      CASE STYLE

IN THE CIRCUIT COURT OF THE   TWELFTH   JUDICIAL CIRCUIT,

IN AND FOR   SARASOTA   COUNTY, FLORIDA

Case No.:_____

Judge: _____

SFR SERVICES LLC A/A/O KEITH AND PHYLLIS TUMULTY

 Plaintiff

              vs.

ELECTRIC INSURANCE COMPANY

Defendant

---

## II.      TYPE OF CASE

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
　☐ Business governance
　☐ Business torts
　☐ Environmental/Toxic tort
　☐ Third party indemnification
　☐ Construction defect
　☐ Mass tort
　☐ Negligent security
　☐ Nursing home negligence
　☐ Premises liability – commercial
　☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
　☐ Commercial foreclosure $0 - $50,000
　☐ Commercial foreclosure $50,001 - $249,999
　☐ Commercial foreclosure $250,000 or more
　☐ Homestead residential foreclosure $0 – 50,000
　☐ Homestead residential foreclosure $50,001 - $249,999
　☐ Homestead residential foreclosure $250,000 or more
　☐ Non-homestead residential foreclosure $0 - $50,000
　☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,000 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
　☐ Malpractice – business
　☐ Malpractice – medical
　☐ Malpractice – other professional
☐ Other
　☐ Antitrust/Trade Regulation
　☐ Business Transaction
　☐ Circuit Civil - Not Applicable
　☐ Constitutional challenge-statute or ordinance
　☐ Constitutional challenge-proposed amendment
　☐ Corporate Trusts
　☐ Discrimination-employment or other
　☐ Insurance claims
　☐ Intellectual property
　☐ Libel/Slander
　☐ Shareholder derivative action
　☐ Securities litigation
　☐ Trade secrets
　☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.     **REMEDIES SOUGHT** (check all that apply):
      ☒   Monetary;
      ☐   Non-monetary declaratory or injunctive relief;
      ☐   Punitive

IV.     **NUMBER OF CAUSES OF ACTION: (     )**
      (Specify)

      <u>1</u>

V.     **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐   Yes
      ☒   No

VI.     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒   No
      ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒   Yes
      ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Joshua Whisler</u>          FL Bar No.: <u>98172</u>
       Attorney or party                                              (Bar number, if attorney)

   <u>Joshua Whisler</u>          <u>07/25/2019</u>
      (Type or print name)                                     Date

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

SFR SERVICES LLC A/A/O
KEITH AND PHYLLIS TUMULTY

      Plaintiff,

vs.

ELECTRIC INSURANCE COMPANY,

      Defendant.

_____/

### DECLARATION OF LISA PIERCE

    I, LISA PIERCE, declare as follows:

    1.    I am over 21-years of age, and a resident of the State of New Hampshire.

    2.    I am currently employed by Electric Insurance Company as Associate General Counsel and PL Legal Counsel and have been employed by Electric Insurance Company since 1997.

    3.    Electric Insurance Company issued a Homeowner's Policy to Plaintiff which is the subject of this litigation to KEITH TUMULTY.

    4.    I have knowledge of the facts as set forth in this Declaration and I can competently testify to those facts if called upon to do so as a witness.

    5.    Electric Insurance Company is an insurance company organized under the laws of the State of Massachusetts, with its principal place of business at 75 Sam Fonzo Drive, Beverly, Massachusetts.

# EXHIBIT "B"

6.     Plaintiff provided notice to Electric Insurance Company of their claim and submitted a demand seeking damages and to repair the subject Plaintiff's roof in the amount of $139,849.80.   A true and correct copy of Plaintiff's estimate for roof repairs is attached hereto as Exhibit "A".

I DECLARE UNDER PENALTY OF PERJURY the foregoing is true and correct and is executed this ___6th___ day of August, 2019 in Beverly Massachusetts.

**LISA PIERCE**

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

---

SFR SERVICES LLC A/A/O KEITH AND PHYLLIS TUMULTY

PLAINTIFF(S)

VS.

ELECTRIC INSURANCE COMPANY

DEFENDANT(S)

_____/

SUMMONS, COMPLAINT, CIVIL COVER SHEET

| | |
|---|---|
| **CASE #:** | **2019 CA 004048 SC** |
| **COURT:** | **CIRCUIT COURT** |
| **COUNTY:** | **SARASOTA** |
| **DFS-SOP #:** | **19-000202407** |

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Thursday, August 1, 2019 and a copy was forwarded by ELECTRONIC DELIVERY on Friday, August 2, 2019 to the designated agent for the named entity as shown below.

ELECTRIC INSURANCE COMPANY
LISA R PIERCE
75 SAM FONZO DR
BEVERLY, MA 01915

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

JOSHUA WHISLER
ATTORNEY
THE WHISLER LAW FIRM
7777 GLADES ROAD
SUITE 100
BOCA RATON , FL 33434

# EXHIBIT "C"

TG1

IN THE CIRCUIT COURT OF THE 12th JUDICIAL CIRCUIT, IN AND FOR
SARASOTA COUNTY, FLORIDA

GENERAL    JURISDICTION
DIVISION CASE NO.: 2019 CA 004048

SFR SERVICES LLC A/A/O
KEITH AND PHYLLIS TUMULTY,

      Plaintiff,

vs.

ELECTRIC INSURANCE COMPANY,

      Defendant.

_____/

**S U M M O N S**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the
Complaint filed in this action on Defendant,

**ELECTRIC INSURANCE COMPANY**
C/O FLORIDA CHIEF FINANCIAL OFFICER AS REGISTERED AGENT
200 EAST GAINES STREET
TALLAHASSEE, FL  32399-4201

      Each Defendant is required to serve written defenses to the complaint or petition on
**Joshua Whisl er, Esq. of The Whisl er Law Firm, P.A.,** Plaintiff's attorney, whose address is **1909
Tyler Street Ste. 501, Hollywood, Florida 33020,** within 20 days after service of this summons on
that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of
this Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to
do so, a default will be entered against the defendant for the relief demanded in the complaint or
petition.

DATED:___*7/26/2019*___.

      WITNESS my hand and the Seal of said Court

                KAREN RUSHING
                As Clerk of the Court

                By _____
                  As Deputy Clerk

If you cannot afford an attorney, contact Gulfcoast Legal Services at (941)746-6151 or
www.gulfcoastlegal.org, or Legal Aid of Manasota at (941)366-0038 or www.legalaidofmanasota.org.
If you do not qualify for free legal assistance or do not know an attorney, you may call
an attorney referral service (listed in the phone book), or contact the Florida Bar Referral Service
at (800)342-8011 or www.floridabar.org.

RECEIVED AS STATUTORY REGISTERED AGENT
on 01 August, 2019 and served on defendant or named party on 02 August, 2019
by the Florida Department of Financial Services