UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:19-cv-02013-T-30CPT

SFR SERVICES, LLC a/a/o
KEITH AND PHYLLIS TUMULTY

    Plaintiff,

vs.

ELECTRIC INSURANCE COMPANY,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF PLAINTIFF'S EXPERT, JOSEPH BUTLER**

    Plaintiff, SFR Services, LLC, a/a/o Keith and Phyllis Tumulty ("Plaintiff"), by and through the undersigned counsel, hereby files this Response and Memorandum of Law in Opposition to Defendant, Electric Insurance Company's ("Defendant") Motion to Strike Affidavit of Plaintiff's Expert, Joseph Butler (DE 35) and in support thereof states as follows:

**I.   INTRODUCTION**

    Plaintiff has brought this action against Defendant for breach of contract as a result of Defendant's failure to perform its contractual obligations under a certain insurance policy and return the damaged property to its pre-loss condition. Keith and Phyllis Tumulty (collectively, the "Insureds") were issued a policy of insurance, identified by policy number 6173052H1 (the "Policy") authored by Defendant to provide insurance coverage for the Insured's property located at 1855 Silver Palm Road, North Port, FL 34288 (the "Property"). On or about September 10, 2017, while the Policy was in full force and effect, the Insureds' property was significantly

damaged by Hurricane Irma (the "Loss"). On or about January 22, 2019, the Insureds executed an Assignment of Insurance Benefits ("AOB") in favor of Plaintiff, a fully licensed construction company in the State of Florida.

Following the execution of the AOB, Plaintiff provided services agreed upon which included a full inspection and evaluation of the Loss, collection of photographic evidence and supporting documentation in connection with the Loss and oversight of the submission of the subject insurance claim. In addition, Defendant was provided an Invoice detailing Plaintiff's estimated repair and/or replacement cost to repair the property to its pre-loss condition. Plaintiff contracted ButlerMatrix, LLC., an engineering firm with over thirty (30) years of progressive engineering and construction experience, to create a report evaluating the damage suffered by the property through a review of photographic evidence.

In preparation for Joe Butler, P.E.'s (hereinafter "Butler") deposition in this litigation, Mr. Butler conducted an onsite visit to confirm his initial findings.[1] Butler's secondary report confirmed its earlier findings but also noted missing tiles which were not included in the preliminary report. The findings in Butler's secondary report were based upon the application of scientific and technical protocols which are regularly used in the field of engineering. Furthermore, Mr. Butler's approximately thirty (30) years of experience in construction and engineering led to the conclusions that were reached in the secondary report. Butler's report was created to ultimately be used at trial to assist the Jury in making a decision as to whether the damage sustained at the subject property was in fact a result of Hurricane Irma.

On July 2, 2020, Defendant filed its Motion for Summary Judgment (DE 27) and Motion to Strike/Limit Plaintiff's Expert Joseph Butler's Testimony (DE 28).

---

[1] Defendant canceled the deposition a couple of days before it was scheduled to take place and Defendant never opted to reschedule the deposition.

On July 24, 2020, Plaintiff filed its Responses to Defendant's Motions as Docket Entries 33 and 34.

On July 27, 2020, Defendant filed its Motion to Strike the Affidavit of Joseph Butler (DE 35) which was attached to both Plaintiff's Response to Defendant's Motion for Summary Judgment (DE 33) and Plaintiff's Response to Defendant's Motion to Strike/Limit Plaintiff's Expert Joseph Butler's Testimony (DE 34).

On August 19, 2020, this Court issued an Order vacating the scheduled trial date of October 26, 2020, as well as all dates and deadlines in the Case Management and Scheduling Order (DE 15). This Court opined that it would be addressing the issues of resetting the trial date and related dates and deadlines at a telephonic status conference on September 24, 2020.

## II.   ARGUMENT

Butler's Affidavit, which is the subject of Defendant's Motion to Strike, does not add any additional information to either of Butler's timely submitted reports. It is not a supplement to correct any deficiencies, but rather provides information which is already detailed in both reports. Should this Court find that the affidavit is not a supplement to the reports then it should not be stricken. *See Martin v. Omni Hotels Mgmt. Corp.*, 2017 U.S. Dist. LEXIS 140957, at *6 (M.D. Fla. 2017). The affidavit raises no new opinions, provides no new evidence, nor corrects any findings of fact which are not already included in Butler's reports. In fact, Defendant agrees that the affidavit does not "complete or correct" the information contained in Butler's Report.[2] The affidavit does not impermissibly "bolster the admissibility and reliability" of Butler's opinions, but rather reiterates the information which is already provided in two separate reports. The

---

[2] Page 6 of Defendant's Motion to Strike Affidavit of Plaintiff's Expert, Joseph Butler (DE 35) states: "Although it touches on the information contained in his expert report, Butler's affidavit cannot be fairly said to complete or correct that information."

3

affidavit also does not amend any of the methodologies which were used in either of Butler's Reports.  Butler used the same methodologies in his first two reports and came to the same conclusions each time.  The affidavit which was later filed makes no changes to those methodologies nor findings.

However, should this Court find that the affidavit is in fact a supplement to Butler's reports then the Court's decision whether to admit the affidavit is governed by Federal Rule of Civil Procedure 37.  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, **unless the failure was substantially justified or is harmless**."  Fed. R. Civ. P. 37(c)(1) (emphasis added).

The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1).  *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, 2009 U.S. Dist. LEXIS 4567, 2009 WL 92826, at *3 (M.D. Fla. 2009).  In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence.  *Mobile Shelter Sys. USA v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250 (M.D. Fla. 2012).

Defendant's own Motion to Strike shows that there is no unfair prejudice or surprise regarding the information in the affidavit as it "touches on the information contained in [Butler's] expert report…" so there is no need for the Court to examine either of the first two factors set forth in *Mobile Shelter*.  All of the information detailed in Butler's affidavit was provided to Defendant

prior to the affidavit being filed.  Further, and more importantly, this case is no longer on a trial docket due to the Covid-19 global pandemic.  While this Court has already opined that there will be a status conference held on September 24, 2020 to discuss plans to get the trial back on track it is important to note that the Southern District of Florida has stated that jury trials will be suspended until at least January 4, 2021.  See United States District Court Southern District of Florida Administrative Order 2020-53.

Currently, there is no similar Order for the Middle District of Florida, but it is more than safe to assume that similar procedures will be in place for the Middle District.  This means that there is more than enough time for Defendant to conduct any additional discovery it wishes and actually take the deposition of Butler should it choose to.  Additionally, it means that there is no disruption to the trial proceedings by allowing Butler's affidavit to be admitted into evidence especially considering the potential expanded window for discovery to continue through.  Should this Court find that the affidavit is in fact a supplement to Butler's earlier reports, any failure regarding the timeliness of the affidavit has been deemed harmless as we are still several months away from a trial in this matter.

## CONCLUSION

Plaintiff's Expert Joseph Butler, P.E. provided an affidavit which was proper and permissible.  The affidavit was not a supplement to either of Butler's earlier expert reports.  For the reasons detailed above, Plaintiff respectfully requests that this Court deny Defendant's Motion to Strike the affidavit of Joseph Butler that is attached to Plaintiff's Responses to Defendant's Motion for Summary Judgment and Motion to Strike/Limit Joseph Butler's Testimony.

DATED this 24th day of August 2020.

## CERIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on the 24th day of August 2020, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        THE WHISLER LAW FIRM, P.A.
        <u>Attorneys for Plaintiff</u>
        1909 Tyler ST Ste. 501
        Hollywood, Florida 33020
        Telephone:   (561) 708-0513
        E-Mail: service@whislerlawfirm.com

        By:   <u>/s/ Joshua Whisler</u>
             JOSHUA WHISLER, ESQ.
             FL Bar No. 98172

**SERVICE LIST**
Jonathan B. Aronson, Esq.
Florida Bar No. 434116
ARONSON LAW FIRM
95 Merrick Way
Suite 720
Miami, FL 33134
Email: jaronson@aronsonlawfirm.com